T. VICTOR HOWE, Appellant, *v.* CORN EXCHANGE BANK TRUST COMPANY and ROBERT B. KNOWLES, as Trustees under the Last Will and Testament of CHANCE M. VOUGHT, Deceased, Respondents.

First Department, March 10, 1939.

*Abraham L. Feinstein*, for the appellant.

*Chauncey F. Kingsley* of counsel [*Otto A. Hack*, attorney], for the respondents.

O'MALLEY, J. Plaintiff seeks to recover real estate broker's commissions from the defendant testamentary trustees. The complaint was dismissed at the close of plaintiff's case upon the grounds (1) that the written offer submitted by the plaintiff and his associate broker on behalf of their prospective purchaser did not constitute an acceptance of the terms and conditions of sale submitted by the defendants; and (2) that there was failure of proof that the offer as presented had been accepted by the corporate trustee.

As we view the plaintiff's evidence, dismissal was not justified. While the terms of the written offer varied in certain respects from the original terms of sale, this was explained by testimony to the effect that, *after* there had been a meeting of the minds orally between all parties on all the essential terms of the sale, a formal written offer was submitted to defendant Knowles at his request which contained such terms as he desired to have recited.

Plaintiff's evidence showed that references with respect to the prospective purchaser were investigated and found satisfactory by the corporate defendant and that its vice-president, Brewer,

said the terms of sale were all right and that plaintiff should get in touch with defendant Knowles who would prepare a written contract. It is to be noted that when the plaintiff first opened negotiations with the corporate defendant, he was instructed by Brewer to see Knowles who was in charge of the matter for both defendants.

After seeing Brewer, plaintiff saw Knowles who said he was going away for " the week-end " but would have a contract drawn and ready for signature on his return. In the meantime, however, the prospective purchaser received notice from the corporate defendant that the offer would not be accepted and that the property had been sold to another purchaser for a better price. When plaintiff later saw Knowles with respect to the transaction and asked for an explanation, the latter expressed surprise that the plaintiff's offer had not been accepted and said he could not understand it.

Whatever the true facts may be, it seems to us that in this state of the record the plaintiff had established a *prima facie* case against both defendants and that it was error to dismiss the complaint at the close of his case.

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.